IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGOR CHEPEL,

      Plaintiff,               No. 2:12-cv-0803 GEB KJN PS

     v.

JUDGE JAMES MIZE OF THE
SACRAMENTO SUPERIOR COURT;
IRENA CHEPEL; and DOES 1
through 20,

      Defendants.        <u>ORDER</u>
_____/

        Presently before the court is plaintiff's motion to compel defendant Sacramento Superior Court Judge James Mize's compliance with discovery subpoenas that plaintiff served pursuant to Federal Rule of Civil Procedure 45 (Dkt. No. 13).[1]  The court denies plaintiff's motion to compel because plaintiff prematurely commenced discovery in this case.

        Plaintiff filed his complaint on March 29, 2012.  Defendants filed motions to dismiss plaintiff's complaint, which are set to be heard by the court on June 7, 2012 (Dkt. Nos. 8, 12).  Assuming that the motions to dismiss do not fully resolve this case, a status (pretrial) scheduling conference is set for August 30, 2012.  (<u>See</u> Order Setting Status Conference at 2,

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Dkt. No. 3.) Nevertheless, on May 9, 2012, plaintiff filed this motion to compel responses to his discovery subpoenas. Nothing in plaintiff's moving papers suggests that the parties have conducted a discovery conference pursuant to Federal Rule of Civil Procedure 26(f).

The undersigned denies plaintiff's motion to compel because plaintiff served his discovery subpoenas before the parties held the conference pursuant to Federal Rule of Civil Procedure 26(f), and no "good cause" or other exemption supports permitting expedited discovery. Federal Rule of Civil Procedure 26(d)(1) states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." District courts within the Ninth Circuit may also permit expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063 (C.D. Cal. 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted).

Here, plaintiff served discovery before the parties conducted their Rule 26(f) conference. Indeed, according to plaintiff, he served the subpoenas on March 26, 2012, before plaintiff even commenced this lawsuit. (Pl.'s Memo. of P. & A. In Supp. of Mot. to Compel at 2.) Additionally, plaintiff has not demonstrated that this action falls within the types of actions listed in Federal Rule of Civil Procedure 26(a)(1)(B), or that "good cause" supports permitting expedited discovery. Accordingly, plaintiff commenced discovery prematurely, and the court denies plaintiff's motion to compel.

////

////

1    For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to
2 compel (Dkt. No. 13) is denied.
3    IT IS SO ORDERED.
4 DATED: May 10, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE