IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGOR CHEPEL,

      Plaintiff,                   No. 2:12-cv-00803 GEB KJN PS

     v.

JUDGE JAMES MIZE OF THE
SACRAMENTO SUPERIOR COURT;
IRENA CHEPEL; and DOES 1
through 20,

      Defendants.              ORDER RE: VOLUNTARY DISMISSAL
_____/

        A hearing on defendants' respective motions seeking the dismissal of plaintiff's claims is presently set for June 28, 2012, and those motions have been fully briefed for weeks.[1] In consideration of plaintiff's last-minute ex parte request, the hearing on defendants' motions had been continued from June 7, 2012, on the basis of plaintiff's representations that he has serious health problems. (Order, June 6, 2012, Dkt. No. 23.) Despite the grant of plaintiff's requested continuance, plaintiff filed, on June 22, 2012, a notice of voluntary dismissal without

////

////

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (Dkt. No. 26).[2]  Plaintiff

2  seeks dismissal of his case without prejudice on the basis of his health problems.

3        Although the court is somewhat skeptical of plaintiff's basis for dismissal in light

4  of the timing of the notice, that concern is of no matter here.[3]  A party may voluntarily dismiss

5  his or her case pursuant to Rule 41(a)(1)(A)(i) without a court order so long as an answer or

6  motion for summary judgment has not been filed, and a self-executing notice of voluntary

7  dismissal under such circumstances divests the court of jurisdiction over the case.  See Fed. R.

8  Civ. P. 41(a)(1)(A)(i); see also United States v. Real Property Located at 475 Martin Lane,

9  Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008) (stating that the filing of a notice of

10 voluntary dismissal "itself closes the file," and that the "district court loses jurisdiction over the

11 dismissed claims and may not address the merits of such claims or issue further orders pertaining

12 to them").  Here, neither defendant has filed an answer or a motion for summary judgment.  As a

13 result, plaintiff's notice effectuated the closure of this case.

14       Accordingly, IT IS HEREBY ORDERED that:

15     1.  Pursuant to plaintiff's notice of voluntary dismissal filed pursuant to

16 Federal Rule of Civil Procedure 41(a)(1)(A)(i), the Clerk of Court is directed to dismiss this case

17 without prejudice.

18 ////

19 ////

20 ////

---

[2]  Plaintiff's notice was not docketed until late on June 25, 2012.

[3]  The court notes that this is not the first time plaintiff has dismissed a case just prior to a hearing on motions that would potentially dismiss his claims and subject plaintiff to an attorney fee award.  In the matter of Chepel v. Law Office of Frederick S. Cohen, plaintiff voluntarily dismissed his case without prejudice after the defendants filed a special motion to strike pursuant to California's anti-SLAPP statute and approximately two weeks prior to the hearing on that motion. (See Chepel v. Law Office of Frederick S. Cohen, 2:09-cv-03548 JAM KJN PS (E.D. Cal.), Dkt. Nos. 14-15.)  The court may take judicial notice of court filings.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

2. The Clerk of Court is directed to close this case and vacate all dates, including the June 28, 2012 hearing on defendants' motions to dismiss and/or strike plaintiff's claims.

IT IS SO ORDERED.

DATED: June 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE